

May 12, 2017

**VIA ELECTRONIC FILING**
Lyle Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

Re: *U.S. ex rel. Harman v. Trinity Industries, Inc.*, No. 15-41172

Dear Mr. Cayce:

Defendants wrongly assert in their May 10, 2017 letter that Plaintiff developed a new theory of materiality after *Escobar* and "[n]o case supports Harman's theory" that the fifty states, not the federal government, are the relevant decision-makers. Defendants are simply incorrect.

*Escobar* itself sets forth such a standard. "Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior ***of the recipient of the alleged misrepresentation***." 136 S.Ct. 1989, 2002 (2016)(emphasis added). On remand, the First Circuit looked at the likely or actual behavior of *MassHealth* to determine materiality. *Escobar II*, 842 F.3d 103, 110-111 (1st Cir. 2016)(finding no evidence that MassHealth would have paid if it knew of misrepresentations).

In Harman *the states*, like MassHealth, were the agents of federal monies who received Defendants' misrepresentations and thus are the relevant decision-makers. This has been repeatedly emphasized by Harman *and the FHWA*. "States own and operate the Federal aid highway system, make the day-to-day decisions on the use of federal funding within the statutory requirements prescribed by Congress and oversee the design, construction, maintenance, and operation of the system in compliance with federal and state regulations."[1]

Defendants cite *U.S. ex rel. Petratos v. Genentech, Inc*. 2017 WL 1541919 (3d Cir. May 1, 2017) where the relator conceded that CMS would have paid for the drugs even if CMS was aware of relator's allegations of non-compliance with FDA rules. That is obviously not the case here. Defendants also liken physicians in *Genentech* to the

---

[1] https://www.fhwa.dot.gov/guardrailsafety/faq.cfm

BOIES SCHILLER FLEXNER LLP

30 South Pearl Street, 11th Floor, Albany, NY 12207 | (t) 518 434 0600 | (f) 518 434 0665 | www.bsfllp.com



states, but the physicians were not agents[2] of federal monies, while the states in Harman are such agents.  Thus, Harman is consistent with *Escobar* and with *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) which *Genentech* itself cites at *7.

Further, it was undisputed at trial that neither the states nor the *federal government* would pay for an ET-Plus unless Defendants truthfully certified compliance with FHWA and state approval and disclosure rules. And Harman proved at trial (and the jury agreed) that Defendants lied about their compliance with those approval and disclosure rules.

Respectfully submitted,

*/s/ George F. Carpinello*

George F. Carpinello

GFC/slb

---

[2] 31 U.S.C. § 3729(b)(2)(A)(i).



May 12, 2017
Lyle Cayce, Clerk of the Court
Page 3

## Certificate of Service

I hereby certify that, on May 12, 2017, a true and correct copy of the foregoing letter was served via the Court's CM/ECF system on all counsel of record.

                                          */s/ George F. Carpinello*

                                          George F. Carpinello